1  SCOTT J. FERRELL, BAR NO. 202091
2  LISA A. WEGNER, BAR NO. 209917
   CALL, JENSEN & FERRELL
3  A Professional Corporation
   610 Newport Center Drive, Suite 700
4  Newport Beach, CA 92660
   Phone (949) 717-3000
5  Fax (949) 717-3100
   sferrell@calljensen.com
6  lwegner@calljensen.com
7
   Attorneys for Defendant DEL TACO, INC.
8

Bill _____
Fees Pd _____
Frms Gvn _____
CAD _____
TDO _____
Ntc/Dkt Mld _____
FP Frms Gvn _____

SCANNED

FILED
2006 AUG 28 PM 2:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

9              UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12  KENNETH MUNSON,                    Case No. CV05-5942 AHM (FMOx)

13          Plaintiff,                 **NOTICE OF APPEAL**

14     vs.

15  DEL TACO, INC. AND DOES 1-20,

16          Defendants.

17

18                                     Complaint Filed:  June 29, 2005
19                                     Trial Date:       August 15, 2006

20

21

22        NOTICE IS HEREBY GIVEN that Defendant Del Taco, Inc. hereby appeals to

23  the United States Court of Appeals for the Ninth Circuit from the order entered in this

24

25  / / /

26  / / /

27  / / /

28  / / /

I HEREBY CERTIFY THAT IS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF
RECORD, IN THIS ACTION, ON THIS DATE
DATED: _____ 8/30/06
_____
DEPUTY CLERK

DOCKETED ON CM
AUG 30 2006
BY _____ 173

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

TAC01-27214441v1 8-24-06                    - 1 -
                              NOTICE OF APPEAL

1   action dated July 27, 2006, Granting Plaintiff's Motion for Partial Summary Judgment

2   and Denying Defendant's Motion for Summary Judgment.

3

4   Dated:  August 23, 2006                    CALL, JENSEN & FERRELL
                                               A Professional Corporation
5                                              SCOTT J. FERRELL
                                               LISA A. WEGNER
6

7

8                                              By: _____
                                                   Lisa A. Wegner
9                                              Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4

FILED
CLERK, U.S. DISTRICT COURT

JUL 27 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority ____
Send ____ 0
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

CASE NO. CV 05-5942 AHM

11  KENNETH MUNSON,

12          Plaintiff,

13      v.

14  DEL TACO, INC.,

15          Defendant.

ORDER   GRANTING
PLAINTIFF'S   MOTION   FOR
PARTIAL   SUMMARY
JUDGMENT   AND   DENYING
DEFENDANT'S   MOTION   FOR
SUMMARY JUDGMENT

16

17  **I.   Overview**

18      Plaintiff Kenneth Munson, who is paraplegic and uses a wheelchair, asserts

19  that Defendant Del Taco, Inc. discriminated against him on the basis of his disability,

20  in violation of the Americans with Disabilities Act of 1990 ("ADA") and the

21  California Unruh Civil Rights Act ("Unruh Act"). Pl.'s Statement of Uncontroverted

22  Facts ("PSUF") at 2, 4; 42 U.S.C. § 12182(b)(2)(A)(iv); Cal. Civ. Code § 51(f).

23  Munson visited the Del Taco restaurant at 24898 Redlands Blvd., Loma Linda,

24  California, a *public accommodation* under Title III of the ADA, at least 30 times or

25  more.[1] PSUF at 1, 2; 42 U.S.C. § 12182(b)(2)(A)(iv)). In late 2004, Munson was

---

[1] The restaurant opened in 1981 and had not undergone any alterations as of the date the Complaint was filed. (PSUF, ¶8). Under Title III of the ADA, the restaurant building is considered a pre-existing facility, requiring "readily achievable barrier removal" for compliance with discrimination protections. Pl.'s Mot. at 14; 28 C.F.R.

DOCKETED ON CM
JUL 27 2006
BY

1   denied entry to the men's restroom at this Del Taco and had to go across the street

2   to another establishment to use the bathroom. He asserts that the restroom's narrow

3   door frame, with a clear passage width allegedly narrower than 32 inches, did not

4   permit his wheelchair to pass through. PSUF at 2. He claims this was an ADA

5   architectural barrier that should have been removed by Del Taco and that removal

6   was readily achievable. PSUF at 4. Munson alleges several other ADA violations but

7   concedes that the primary complaint at issue is the inaccessibility of the restroom

8   door. Pl.'s Reply at 4.[2]

9       Munson filed his complaint on June 29, 2005, in San Bernardino County

10  Superior Court. The case was removed by Del Taco to this Court on August 15,

11  2005. Plaintiff moved for partial summary judgment on May 22, 2006 and Defendant

12  cross-moved for summary judgment on June 5, 2006.

13      Del Taco remodeled the restaurant's restroom in April 2006. Pl.'s Mot. at 4;

14  Pl.'s Reply, Ex. 5: Declaration of Peter Honer ("Honer Decl.") at 2, 3. Del Taco

15  demolished and rebuilt the restroom entryway; reconfigured the restroom and

16  removed stall partition walls; installed grab bars; removed the cabinet-style sink with

17

18  _____

19  § 36.304 (b). Additionally, California's Building Code Title 24 accessibility
    requirements do not apply to buildings constructed before 1982, which have not

20  undergone alterations. Cal. Code Regs. tit. 24, § 1134B (2001).

21      [2] Munson asserts that the restaurant's front entrance had no required level

22  clearance in front of the doors. Because there was no clear level landing area from the
    sloped ramp from the parking lot, Munson claims he had to "hang on to the door

23  handle to and drag [him]self into the restaurant while hanging on to the door handle

24  to avoid rolling back down the slope." PSUF, ¶10. He also cites several other
    potential ADA violations that he claims to have learned about from photos taken by

25  his counsel's inspector. These include insufficient space in the toilet stall for a "side

26  transfer" from a wheelchair, lack of matching grab bars on both sides of the toilet, a
    cabinet style lavatory with insufficient leg clearance space for a wheelchair user's

27  legs, and a toilet seat dispenser mounted above the toilet in such a way that prevented

28  clear floor space for leg clearance. PSUF at 3, 4; Pl.'s Mem., Ex. 2 at 2.

a wall-mounted sink; remodeled the front entrance to include a ramp that does not

1 exceed the required 2% maximum slope; repaved and repainted the parking area; and

2 conducted other remodeling totaling in excess of $66,600. Honer Decl. at 3.

3      Munson has been hospitalized since October 2005 and has not visited the

4 restaurant since that time.

5  **II.   LEGAL STANDARD**

6      **A.   Legal Standard for Summary Judgment**

7      Federal Rule of Civil Procedure 56(c) provides for summary judgment when

8 "the pleadings, depositions, answers to interrogatories, and admissions on file,

9 together with the affidavits, if any, show that there is no genuine issue as to any

10 material fact and that the moving party is entitled to judgment as a matter of law."

11 The moving party bears the initial burden of demonstrating the absence of a "genuine

12 issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256

13 (1986). A fact is material if it could affect the outcome of the suit under the

14 governing substantive law. *Id.* at 248. The burden then shifts to the nonmoving party

15 to establish, beyond the pleadings, that there is a genuine issue for trial.  *Celotex*

16 *Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

17      "When the party moving for summary judgment would bear the burden of

18 proof at trial, it must come forward with evidence which would entitle it to a directed

19 verdict if the evidence went uncontroverted at trial. In such a case, the moving party

20 has the initial burden of establishing the absence of a genuine issue of fact on each

21 issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*,

22 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the non-

23 moving party bears the burden of proving the claim or defense, the moving party can

24 meet its burden by pointing out the absence of evidence from the non-moving party.

25 The moving party need not disprove the other party's case. *See Celotex*, 477 U.S. at

26 325. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff

27 'fails to make a showing sufficient to establish the existence of an element essential

28 to [his] case, and on which [he] will bear the burden of proof at trial.'" *Cleveland v.*

3

1   *Policy Mgmt Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (*citing Celotex*, 477 U.S. at

2   322)..

3       When the moving party meets its burden, the "adverse party may not rest upon

4   the mere allegations or denials of the adverse party's pleadings, but the adverse

5   party's response, by affidavits or as otherwise provided in this rule, must set forth

6   specific facts showing that there is a genuine issue for trial." Fed. R. Civ.P. 56(e).

7   Summary judgment will be entered against the non-moving party if that party does

8   not present such specific facts. *Id.* Only admissible evidence may be considered in

9   deciding a motion for summary judgment. *Id.*; *Beyene v. Coleman Sec. Serv., Inc.*,

10   854 F.2d 1179, 1181 (9th Cir.1988).

11       "[I]n ruling on a motion for summary judgment, the nonmoving party's

12   evidence 'is to be believed, and all justifiable inferences are to be drawn in [that

13   party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson*,

14   477 U.S. at 255). But the non-moving party must come forward with more than "the

15   mere existence of a scintilla of evidence." *Anderson*, 477 U.S. at 252. Thus, "[w]here

16   the record taken as a whole could not lead a rational trier of fact to find for the

17   nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co.,*

18   *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

19   **B.**    **Background Principles of the ADA Claim**

20       Title III of the ADA provides that "[n]o individual shall be discriminated

21   against on the basis of disability" in places of public accommodation. 42 U.S.C. §

22   12182(a). Title III defines "discrimination" as, among other things, a failure to

23   remove "barriers . . . in existing facilities . . . where such removal is readily

24   achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *Pickern v. Holiday Quality Foods Inc.*,

25   293 F.3d 1133, 1135 (9th Cir. 2002). "Once a plaintiff has actually become aware

26   of discriminatory conditions existing at a public accommodation, and is thereby

27   deterred from visiting or patronizing that accommodation, the plaintiff has suffered

28   an injury . . . . So long as the discriminatory conditions continue, and so long as a

plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 1136-1137.

The Americans with Disabilities Act Accessibility Guidelines ("ADAAG") set forth specific accessibility requirements for new and altered facilities.[3] Although the ADAAG do not provide construction requirements for existing facilities, courts interpret the ADAAG as providing "valuable guidance for determining when existing facilities contain structural barriers that must be removed where readily achievable." *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 2002 W.L. 202442 (E.D. Cal. 2002); *Parr v. L&L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1086 (D. Haw. 2000). Once a facility has been determined to have a barrier, the facility must take steps toward removal that are "readily achievable." "Readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a) (2003).

**C.   Background Principles of the California Unruh Civil Rights Act**

"A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of [the Unruh Act]." Cal. Civ. Code §51(f). "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6." Cal. Civ. Code § 52(a).

**III.   ANALYSIS**

---

[3] The Department of Justice promulgated the ADAAG.   *See Hankins v. El Torito Restaurants, Inc.*, 63 Cal.App.4th 510, 527 n.8 (1998).

A.  **Standing**

Del Taco challenges Munson's standing to make a claim under the Unruh Act.

The jurisdiction of the federal courts is limited by the Constitution to the resolution of "cases" and "controversies." U.S. Const. Art. III § 2, cl. 1 . . . . The burden is on the party seeking jurisdiction to set forth facts sufficient to satisfy the Article III standing requirements. *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (citations omitted) (1990).

To establish Article III standing for injunctive relief, plaintiff . . . must show [three essential elements]: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) . . . .

Whether a plaintiff can prove an injury in fact is determined by the facts in existence *at the time the suit was filed*. *Friends of the Earth, Inc.*, 528 U.S. at 170 [emphasis added]. To demonstrate a "concrete" or "particularized" injury, the plaintiff must show that he is affected in a personal and individual way. *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002). In the context of an individual action alleging noncompliance with the ADA, it is the plaintiff–and not some other hypothetical disabled person–who must suffer an injury from the alleged noncompliance. *Id.* There are two ways a plaintiff may establish a concrete or particularized injury from ADA noncompliance: (1) he personally encountered the barrier complained of; or (2) he had actual knowledge of the barrier complained of and has been deterred from visiting the public accommodation because of that barrier. *Id.* at 1136-38.

*Martinez v. Longs Drug Stores, Inc.*, No. CIVS-03-1843DFL CMK, 2005 WL 2072013, at *2-3 (E.D. Cal. Aug. 25, 2005)(not reported).

For example, in *Martinez*, plaintiff established injury in fact for five ADA violations he personally encountered at a drug store. *Martinez*, 2005 WL 2072013, at *5. The court granted defendant summary judgment for the other violations that plaintiff had not personally encountered, nor knew about or had reason to know about, and be deterred by, *prior to filing his complaint*. The issue of injunctive relief became moot once the violations were voluntarily remedied by the defendant after the complaint was filed. *Id.* Plaintiff was still able to receive summary judgment on statutory damages under the Unruh Act, Cal. Civ. Code § 52(a), despite the ADA remedy of injunctive relief being moot. *Id.*

6

1       In contrast, in *Harris v. Costco Wholesale Corp.*, 389 F. Supp. 2d 1244, 1249

2 (S.D. Cal. 2005), the court found that the plaintiff lacked standing to bring a Title III

3 claim under the ADA because what the plaintiff pointed to as the ADA violations he

4 encountered at the store he visited were not violations. The court granted summary

5 judgment on the ADA cause of action and dismissed the remaining claims under

6 state law without prejudice for lack of any other basis for federal jurisdiction. *Id.* at

7 1252.

8       Here, as in *Martinez* but unlike in *Harris*, Munson encountered the barrier

9 *before he filed his Complaint*: namely, that the men's restroom door frame was

10 allegedly too narrow to permit his wheelchair to enter. The Complaint, Munson 's

11 declaration, and testimony from his deposition transcript state that he had visited the

12 Loma Linda Del Taco and was unable to enter the men's restroom. Pl.'s Reply at 4;

13 Pl.'s Mot., Ex. 2 at 1:27-28; Declaration of Lisa A. Wegner ("Wegner Decl."), Ex.

14 1 at 11-12, 15, 16, 19, 21. *At the time Plaintiff filed his Complaint*, a future injury

15 persisted – at least until the time of the remodel. *See Parr*, 96 F. Supp. 2d at 1079-80

16 (disabled plaintiff's intent to visit defendant's restaurant in the future along with his

17 past patronage sufficient to establish likelihood of future injury). This injury in fact

18 was "fairly traceable" to the action of the defendant – the failure to remove a barrier

19 when removal was readily achievable. Furthermore, *at the time Plaintiff filed his*

20 *Complaint*, i.e., before the door frame had been widened, injunctive relief would

21 have addressed the injury of which he complained. Finally, given the remedial

22 purpose underlying the ADA, doubts about the existence of a private right of action

23 should be resolved in favor of disabled individuals. *Dudley v. Hannaford Bros. Co.*,

24 333 F.3d 299, 307 (1st Cir. 2003). Thus, Munson had standing to sue under the ADA

25 for injunctive relief at the time he filed the Complaint. (Munson concedes, however,

26 that the ADA cause of action for injunctive relief is now moot. Pl.'s Reply at **7**.)

27   **B.**   <u>**Barrier Removal**</u>

28       Del Taco also challenges Munson's contention that he personally encountered

1    an architectural barrier. As discussed above, Munson stated that the men's restroom

2    door frame was too narrow (less than 32 inches) and did not permit him to enter

3    because of the width of his wheelchair (31 inches). The Complaint, Munson's

4    declaration, and testimony from his deposition transcript describe how he had visited

5    the Loma Linda Del Taco and was unable to enter the men's restroom. PSUF at 3-5;

6    Pl.'s Reply at 4:1-4; Pl.'s Mot., Ex. 2 at 1:27-28; Wegner Decl., Ex. 1 at 11-12, 15,

7    16, 19, 21. Del Taco does not provide evidence to refute that Munson ate at the

8    Loma Linda Del Taco, that the door frame had a clear opening width of less than 32

9    inches prior to the Complaint being filed, or that he was denied entry to the restroom.

10   As to this assertion, Del Taco's response merely states that no measurements or

11   photos were personally taken of the restroom by Munson or his expert, Paul Bishop.

12   Del Taco relies on Munson's own testimony in his deposition that he had not taken

13   any measurements of the Loma Linda Del Taco to go on to argue that he encountered

14   no barrier. (Def.'s Response to PSGI, ¶3). However, merely that Munson did not take

15   exact measurements does not refute his evidence that he could not enter the

16   restroom. Thus, there is no genuine issue of fact that an architectural barrier existed.

17   **C.    Readily Achievable**

18   Munson "bears the initial burden of proving that barrier removal is readily

19   achievable . . . If [he] satisfies his burdens, he has made out a prima facie case of

20   discrimination, upon which the burden shifts to Defendant to present sufficient

21   evidence to rebut such a showing." *Parr*, 96 F. Supp. 2d at 1085 (citing *Pascuiti v.*

22   *New York Yankees*, 87 F. Supp. 2d 221, 226 (S.D.N.Y. 1999)("applying

23   'preponderance of the evidence' burden of rebutting prima facie showing"). The

24   widening of doors is included in the list of examples contemplated in the Code of

25   Federal Regulations as steps to barrier removal that are likely to be readily

26   achievable. 28 C.F.R. § 36.304(b)(8) (2003). This indicates, although it is not

27   dispositive, that removal was readily achievable; whether removal is readily

28   achievable is determined on a case-by-case basis. *Id.* at § 36.104. Factors to be

8

1    considered include: (1) nature and cost of the removal; (2) overall financial resources

2    of the site (e.g., number of persons employed, effects on expenses and resources; and

3    the impact upon the site's operation); and (3) the relationship of the site to any parent

4    corporation or entity, including structure, number of employees, operations,

5    resources, etc. *Id; ADA Title III Technical Assistance Manual* § 4.4200, Readily

6    Achievable Barrier Removal.

7        In *Parr*, the court found that barrier removal was readily achievable for ADA

8    violations based on, among other things, plaintiff's expert's experience, average

9    annual revenue of the food franchisee and photographs showing that removal would

10   be inexpensive. *Parr*, 96 F. Supp. 2d at 1088. Here, too, Munson presents sufficient

11   evidence that the barriers could be removed inexpensively and without significant

12   effort. Munson also proffers that barrier removal for the bathroom doorway was

13   readily achievable based on the fact that Del Taco's remodel *in fact* included such

14   widening. Invoices for work done on the restaurant show a widening cost of

15   $1,112.68. Pl.'s Reply at 4, 5; Pl.'s Reply, Exs. 4, 5. Del Taco contends that the total

16   costs and lost profits from the remodel was over $75,000. Def.'s Statement of

17   Uncontroverted Fact ("DSUF"), ¶ 11; Honer Decl., Ex. 1. It claims that the remodel

18   involved 50 hours of labor and significantly disrupted the restaurant's operations,

19   particularly in light of the site's slim operating margins and small number of

20   employees. DSUF, ¶¶ 10, 11. The invoices, however, belie Del Taco's argument. The

21   figure Del Taco cited is for the *entire* remodel. Honer Decl., Ex. 1. The true cost of

22   the restroom entry remodel clearly is much lower even after factoring in lost profits.

23       As in *Parr*, Munson also relies on Bishop, his expert, who states in his

24   declaration that "most, if not all of these barriers could have been removed without

25   significant difficulty or expense." Pl.'s Reply, Ex. 3, ¶13. Bishop bases his opinion

26   on the photographs he had seen of the restroom door prior to the remodel. Pl.'s

27   Reply, Ex. 3, ¶7. Del Taco objects to these opinions as inadmissible hearsay

28   (overruled) but provides no evidence to refute Munson's contention that, prior to

9

1  remodel, the door had a clearance width less than 32 inches.[4] Del Taco cannot meet

2  the "preponderance of the evidence" burden of rebutting Munson's prima facie

3  showing that removal was "readily achievable." Thus, there is no genuine issue of

4  fact that the restroom doorway widening was readily achievable.

5      **D.**    <u>**Unruh Act Violation**</u>

6      Munson concedes that his ADA claim is moot with regard to injunctive relief.

7  Pl.'s Reply at 7. Pursuant to Cal. Civil Code § 51(f), he contends that an Unruh

8  violation can nevertheless proceed predicated on an ADA violation. In *Martinez*,

9  *supra*, the court held that an ADA violation, despite being moot as a cause of action

10  in terms of injunctive relief, could nonetheless form the predicate for a violation of

11  Cal. Civil Code § 51. *Martinez*, WL 2072013, at *2, 3. As in *Martinez*, Munson,

12  here, has sufficiently shown that there is no genuine issue of fact that an ADA

13  violation occurred. Thus, Del Taco is liable under the Unruh Act and Munson is

14  entitled to pursue statutory damages.

15  **IV.**    <u>**Conclusion**</u>

16      For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Partial

17  Summary Judgment.[5] The Court DENIES Defendant's Motion for Summary

18  Judgment.[6]

19      No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

20      This Order is not intended for publication.

21  DATE: July 27, 2006

22      A. Howard Matz

23      United States District Judge

25  [4] Del Taco cites no case law that supports the proposition that evidence in a declaration from a visual inspection of a public establishment should be barred for failing to comply with discovery requirements for notice of inspection.

27  [5] Docket No. 31.

28  [6] Docket No. 33.

10

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On August 28, 2006, I served the foregoing document described as **NOTICE OF APPEAL** on the following person(s) in the manner indicated:

### SEE ATTACHED SERVICE LIST

[ **X** ]  (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ]  (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

[ **X** ]  (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 28, 2006, at Newport Beach, California.

_Elaine M. Padilla_
ELAINE M. PADILLA

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

# SERVICE LIST

Mark D. Potter, Esq.
Russell C. Handy, Esq.
Center for Disability Access, LLP
100 E. San Marcos Blvd., Suite 400
San Marcos, CA 92069
Tel: (760) 480-4162
Fax: (760) 480-4170

**Attorneys for**
**Plaintiff Kenneth Munson**

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION